IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Peterson, #335750, | C/A No.: 2:09-2327-JFA-RSC |
| Plaintiff, | |
| vs. | O R D E R |
| Dr. Yates, (ASGDC Doctor); Nurse Thurman (ASGDC Head Administrating Nurse); and Ms. Caldwell (Medical Supervision), | |
| Defendants. | |

The *pro se* plaintiff, Robert Peterson, is an inmate at the Wateree River Correctional Institution at the South Carolina Department of Corrections ("SCDC"). He initiated this action pursuant to 42 U.S.C. § 1983 contending that the defendants failed to provide him with proper medical care while he was detained at the Alvin S. Glenn Detention Center (ASGDC).

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that this case should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to file, and did timely file, objections to the Report and Recommendation which was entered on the docket on September 22, 2009. The court has carefully reviewed the plaintiff's objections and finds them to be merely a restatement of his claims set forth in the complaint. As such, plaintiff's objections are overruled.

As the Magistrate Judge correctly opines, the plaintiff fails to show that defendants were deliberately indifferent to his medical needs or that his treatment was so "grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). As the Magistrate Judge properly notes, incorrect medical treatment or negligence in general is not actionable under 42 U.S.C. 1983. *Estelle v. Gamble*, 429 U.S. 97 (1976). Additionally, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law, *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189 (1989); the Constitution does not guarantee a prisoner the treatment of his choice, *Jackson v. Fair*, 846 F.2d 811 (1st Cir. 1988); nor does a disagreement as to the proper treatment to be received in and of itself state a constitutional violation, *Smart v. Willar*, 547 F.2d 112 (10th Cir. 1976). This court concurs with the Magistrate Judge that plaintiff has failed to show deliberate indifference to his overall medical needs by the defendants.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated

herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

November 3, 2009
Columbia, South Carolina